FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

2017 NOV 22 AM 10: 46

CASE NO.:
6:17-cv-2020-ORL-40GJK

COLLECTIVE ACTION

MILTON ANTONIO BELLOSO, individually
and on behalf of all those similarly situated,

                Plaintiffs,

vs.

ASPLUNDH TREE EXPERT, CO. and
ASPLUNDH TREE EXPERT, LLC.,

                Defendants.
_____/

### PLAINTIFF'S COLLECTIVE ACTION AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MILTON ANTONIO BELLOSO, ("Mr. Belloso"), individually and as Class Representative on behalf of all other similarly situated employees, by and through undersigned counsel, hereby files his Collective Action Complaint and Demand for Jury Trial against ASPLUNDH TREE EXPERT, CO. and ASPLUNDH TREE EXPERT, LLC. (hereinafter collectively "Asplundh"), and states as follows:

### I.    INTRODUCTION

1. This is a Representative Action brought pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), for failure to pay overtime wages pursuant to 29 U.S.C. § 207.

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and

1

profit of others, in this case-Asplundh. Those are the rights that Congress has specially legislated to protect in the Fair Labor Standards Act.

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay. *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes. C.J).

4. Because of such unequal bargaining power, the Class Representative, Mr. Belloso, brings this action on behalf of himself as well as other similarly situated employees who were employed by Asplundh as "General Forepersons" and paid an hourly rate (hereinafter referred to as "General Forepersons").

5. The Class Representative will seek conditional certification and notice to an opt-in class of "General Forepersons" who are or were employed by Asplundh within Florida during the three years preceding the filing of the Complaint; were paid an hourly rate; were not properly paid overtime wages in violation of the Fair Labor Standards Act.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. THE PARTIES

8. Asplundh provides tree pruning and removal, right-of-way clearing and maintenance, vegetation management, and emergency storm work and support (collectively "tree pruning and removal").

9. Asplundh employs over 30,000 employees throughout the United States, Canada,

Australia, and New Zealand.

10. Asplundh has engaged in unfair labor practices.

11. As the Department of Justice announced on September 28, 2017: "Asplundh Tree Experts Co. ... pleaded guilty today to unlawfully employing aliens...." (Announcement available at https://www.justice.gov/usao-edpa/pr/asplundh-tree-experts-co-pleads-guilty-unlawful-employment-aliens).

12. Asplundh itself has "accepted responsibility" for this unfair labor practice. (*See* Asplundh's statement on the issue at http://www.asplundh.com/wp-content/uploads/2017/09/Asplundh_091917.pdf).

13. Asplundh has also been accused of unfair labor practices pursuant to the Fair Labor Standards Act in the past. *See e.g. Wiley v. Asplundh Tree Expert*, Co., Case No.: 2:13-cv-2952 (S.D.W.V. 2016); *Clemmer v. Aplundh Tree Expert Co.*, Case No.: 1:11-cv-1342-JDB-EGB (W.D. Ten. 2011); *Benjamin v. Asplundh Tree Expert Co.*, Case NO.: 1:08-cv-21725-DLG (S.D. Fla. 2009); *Severino v. Asplundh Tree Expert Co.*, Case No.: 2:04-cv-2659-MMB (E.D. Pa. 2005); *Fleuricot, et. al. v. Asplundh Construction, Corp.*, Case No.: 9:04-cv-80115-WPD (S.D. Fla. 2004); *Dupervil, et. al. v. Asplundh Construction, Corp.*, Case No.: 9:04-cv-81106-DMM (S.D. Fla. 2004); *Joseph v. Asplundh Construction, Corp.*, Case: 9:01-cv-8555-DMM (S.D. Fla. 2001)

14. The Class Representative, Mr. Belloso, was employed by Asplundh as a General Foreperson, and was a victim of Asplundh's unfair labor practices.

### IV.   FACTUAL ALLEGATIONS

15. Asplundh provides tree pruning and removal services to various customers.

16. In order to perform its tree pruning and removal services, Asplundh employs

Region Managers, Supervisors, General Forepersons, Crew Forepersons, and Crew Members.

17. The General Forepersons, Crew Forepersons, and Crew Members, (collectively "laborers") are directly engaged in providing the productive services to Asplundh's customers.

18. The Class Representative, Mr. Belloso, was employed with Asplundh from approximately August 2011 until September 27, 2017.

19. The Class Representative, Mr. Belloso, was employed with Asplundh as a General Foreperson.

20. The Class Representative, Mr. Belloso, was legally authorized to be employed by Asplundh throughout his employment.

21. As a General Foreperson, Mr. Belloso, and all similarly situated General Foreperson's job duties included, but were not limited to, landscaping, ensuring equipment is maintained, and customer satisfaction.

22. As a General Foreperson, Mr. Belloso and all similarly situated General Forepersons were paid an hourly rate.

23. Based upon information and belief, Asplundh employees hundreds of General Forepersons in United States.

24. Class Representative, Mr. Belloso, was paid approximately $17.00 per hour.

25. At all times relevant to their employment, Mr. Belloso and all other similarly situated General Foreperson, regularly used the instrumentalities of interstate commerce while performing their work. At all times relevant to their employment, Mr. Belloso and all other similarly situated General Forepersons, also regularly used the channels of commerce while performing their work.

26. Asplundh is an "employer" as defined by 29 U.S.C. § 203(d).

27. Asplundh has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where the Class Representative, Mr. Belloso and all other similarly situated General Forepersons were employed.

28. Asplundh has employed two or more persons, including the Class Representative, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

29. Class Representative, Mr. Belloso, avers that at all times relevant to the violations of the Fair Labor Standards Act Defendant, Asplundh was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

30. Class Representative, Mr. Belloso, was paid an hourly rate and compensated at time and one-half his hourly rate for hours worked over forty (40) in the work week that he was allowed to record.

31. Class Representative, Mr. Belloso, was subjected to Asplundh's common policy of prohibiting General Forepersons from recording all hours and time worked.

32. Class Representative, Mr. Belloso was subjected to Asplundh's common policy of requiring General Forepersons to perform work off-the-clock.

33. Class Representative, Mr. Belloso, was subjected to Asplundh's common policy of requiring General Forepersons to deduct a thirty (30) minute lunch break each day even though General Forepersons did not take a lunch break or had their lunch breaks interrupted.

34. Class Representative, Mr. Belloso, and all other similarly situated General Forepersons, worked overtime in numerous workweeks and did not receive proper overtime pay.

35. Asplundh had knowledge that Class Representative, as well as other similarly situated General Forepersons, were working overtime without proper compensation.

36. Asplundh failed to make a good faith effort to determine if the Class Representative and similarly situated General Forepersons, were being compensated appropriately pursuant to the FLSA.

37. Asplundh has also failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

38. Asplundh also failed to post the required notice pursuant to the Fair Labor Standards Act.

39. Class Representative, Mr. Belloso, has retained LaBar & Adams, P.A. as Class Counsel to represent himself and the Class and has agreed to pay said firm a reasonable attorney's fee for its services.

## V.   COLLECTIVE ACTION ALLEGATIONS

40. Class Representative, Mr. Belloso, brings this action on behalf of himself as well as other similarly situated employees who were employed by Asplundh as a "General Foreperson" in Florida and paid an hourly rate.

41. Specifically, Class Representative, Mr. Belloso, brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. § 216(b).

42. Class Representative, Mr. Belloso, will seek class certification of all employees of Asplundh who: (1) were employed as "General Foreperson" in Florida during the preceding three (3) years; (2) were paid a "hourly rate;" and (3) worked more than forty hours in a workweek without being paid proper overtime compensation.

43.     Class Representative, Mr. Belloso, and the similarly situated General Foreperson had similar job duties, were paid the same and were subjected to the same illegal policies and practices.

44.     Asplundh's unlawful compensation practices are in willful disregard of the rights of the Class Representative, Mr. Belloso, and the similarly situated General Foreperson.

45.     Asplundh's labor conditions are detrimental to the health, efficiency, and the general well-being of the community and is in violation of the Fair Labor Standards Act.

### COUNT I
### CLASS REPRESNTATIVE'S COLLECTIVE ACTION
### FOR VIOLATION OF THE OVERTIME PROVISION OF THE
### FAIR LABOR STANDARDS ACT

46.     Class Representative re-alleges and incorporates herein the allegations contained in paragraphs 6, 7, 15-39, above.

47.     Throughout the employment of the Class Representative and all other similarly situated General Forepersons, Asplundh repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate the Class Representative and all other similarly situated General Forepersons, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

48.     Specifically, Class Representative and all other similarly-situated General Forepersons, worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

49.     Asplundh failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

50. Asplundh failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Class Representative demands judgment against Asplundh for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Class Representative demands a jury trial on all issues contained herein this Complaint.

Dated: 11/21/17

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)