UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILTON ANTONIO BELLOSO,

          Plaintiff,

v.                                         Case No:  6:17-cv-2020-Orl-40GJK

ASPLUNDH TREE EXPERT, CO. and
ASPLUNDH TREE EXPERT, LLC,

          Defendants.
_____/

# COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

# Jury Instruction No. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Jury Instruction No. 2

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## <u>Jury Instruction No. 3</u>

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Jury Instruction No. 5

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In this case, more than one claim is involved. You should consider each claim separately; proof of one claim is not necessarily proof of another.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and

all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

## Jury Instruction No. 6

In this case, the Defendant asserts the affirmative defenses of the Portal-to-Portal exemption, de minimis exemption, and lack of knowledge (failure to suffer or permit). Even if the Plaintiffs prove a claim by a preponderance of the evidence, the Defendant can still prevail on that claim if they prove the affirmative defense by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately.

**Portal-to-Portal Exemption** – The law does not require an employer to compensate an employee for performing non-essential work before their shift begins or after their shift ends or for the use of an employer-provided vehicle for travel from an employee's home to the first work location at the start of the workday and from the last work location to the employee's home at the end of the workday.

**De Minimis Exemption** – The law does not require an employer to compensate an employee for de minimis performed. De minimis means work that lasts only a few seconds or minutes

beyond scheduled working hours. When the de minimis rule is applied to time that would otherwise be compensable, it is appropriate to consider 1) the practical administrative difficulty of recording the additional time; 2) the aggregate amount of compensable time; and 3) the regularity of the additional work.

**Lack of Knowledge (Failure to Suffer or Permit)** – The law requires employers to compensate employees for work that the employer did not request, but nevertheless allowed if the employer had knowledge of the work being done and allowed it to occur. Knowledge may be imputed to the employer when its supervisors or management encourage underreporting of overtime hours worked by an employee. Additionally, if an employer had an opportunity to acquire knowledge of an employee's work by using reasonable diligence, then the employer can be charged with constructive knowledge. However, work that an employee performs that an employer did not request and had no knowledge of need not be compensated.

**On-Call Time:**

Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits constitutes compensable hours of work. Time spent at home on-call may or may not be compensable, depending on whether the restriction placed on the employee thereby effectively precludes that employee from using such time for his personal pursuits. Where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on-call is compensable. However, an employee's activities are not so restrictive if, for example, the employee can visit friends and family, go out to eat, go to the supermarket, or participate in outdoor activities during the on-call time. If you find from a preponderance of the evidence that a Plaintiff has proved that any of his on-call time was spent predominantly for the Defendant's benefit, then that time constitutes compensable hours of work.

I caution you that the Defendant does not have to disprove the Plaintiff's claim, but if the Defendant raises an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

## <u>Jury Instruction No. 7</u>

In this case, the Plaintiffs claim that Defendant did not pay them the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on their claims against Defendant, Plaintiffs must prove the following facts by a preponderance of the evidence:

<u>First:</u>   That he was an employee of Asplundh and was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

<u>Second:</u>   Asplundh failed to pay him the overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, each Plaintiff must prove by a preponderance of the evidence that he was an employee employed by Asplundh. Asplundh has admitted that each Plaintiff was its employee and that it is an enterprise engaged in commerce or in

the production of goods for commerce; therefore, you should find the first element has been met.

For the second element, the FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate of pay is set forth in the employee earning records which have been admitted into evidence. To calculate how much overtime pay was owed to each Plaintiff for a certain week multiple the employee's regular hourly rate of pay by 1.5 and apply that overtime hourly rate to the number of uncompensated overtime hours worked by the employee.

Defendant failed to pay a Plaintiff the required overtime pay if it paid him less than that amount.

**Damages** – The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid. Plaintiffs are entitled to recover lost wages from the date of your verdict back to no more than two years before each Plaintiff joined this lawsuit, unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiffs are entitled to recover lost wages from the date of your verdict back to no more than three years before each Plaintiff joined this lawsuit.

The dates of when each Plaintiff joined the lawsuit are as follows:

1.   Milton Antonio Belloso: November 22, 2017
2.   Bacilio Alcala, Jr. : December 7, 2017

3.    James A. Cook, II: June 18, 2018

4.    Frank Corrales: August 17, 2018

5.    Jose Cortez, Jr.: January 8, 2018

6.    Ovidio Diaz: January 16, 2018

7.    Jesus Hernandez: January 8, 2018

8.    Alejandro Jasso Martinez: December 27, 2017

9.    Trevor Jessup: October 9, 2018

10.   Michael Lucas: August 8, 2018

11.   Israel Martinez: December 7, 2017

12.   Jose M. Martinez: January 25, 2018

13.   Jesus Mendez Pena: May 25, 2018

14.   Michael Noble: June 16, 2018

15.   Joshua Payne: October 22, 2018

16.   Raul Perez, Jr.: January 16, 2018

17.   Eliezer S. Rivera: January 16, 2018

18.   Kendle Rock: October 15, 2018

19.   Donovan Sias: October 15, 2018

When determining a Plaintiff's damages, you must decide if time the Plaintiff worked should be excluded in accordance with the de minimis exemption. To determine if time an employee worked was de minimis, you should consider (1) the practical administrative difficulty of recording the additional time; (2) the

aggregate amount of compensable time; and (3) the regularity of the additional work. Periods of about ten (10) minutes per day can be found to be de minimis. The time you determine is de minimis must be excluded from any calculation of a Plaintiff's damages.

**Inadequate Records:** The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, the Court has previously determined that that Asplundh failed to keep and maintain adequate records of their hours and pay. The Plaintiffs also claim that Asplundh's failure to keep and maintain adequate records has made it difficult for them to prove the exact amount of their claims.

Accordingly, if you find that a Plaintiff performed work for which he should have been paid, he may recover a reasonable estimation of the amount of his damages. But to recover this amount, each Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

If you find a Plaintiff has proven by a preponderance that he performed qualifying work without compensation, the burden then shifts to Asplundh to come forward with evidence of the precise amount of work performed by the Plaintiff or with evidence to negate the reasonableness of the inference to be drawn from the Plaintiffs' evidence.

### Jury Instruction No. 8

Of course, the fact that I have given you instructions concerning the issue of the Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with each other and try to reach an agreement. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence

presented in this case.

## Jury Instruction No. 9

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

## [Explain Verdict Form]

Take the verdict form with you into the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you

not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.