UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILTON ANTONIO BELLOSO,

    Plaintiff,

v.                                                    Case No:   6:17-cv-2020-Orl-40GJK

ASPLUNDH TREE EXPERT, CO. and
ASPLUNDH TREE EXPERT, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, case is the Parties' Joint Motion for Approval of Settlement (Doc. 226). After due consideration, I respectfully recommend that the motion be **granted**.

### I. Background

Plaintiff Milton Antonio Belloso brought this lawsuit individually and as class representative, alleging that Defendants Asplundh Tree Expert, Co. and Asplundh Tree Expert, LLC, violated the FLSA by failing to pay him overtime for his work as a general foreman (Doc. 1). Defendants answered and interposed affirmative defenses that included allegations that Belloso "helped organize the mass walk out of approximately 61 [of Defendants'] employees in a manner designed to cause as much financial collateral injury and damage to [Defendants] as possible." (Doc. 42 at 9). Defendants' claim regarding the mass walk out is the basis of a state court lawsuit Defendants are currently prosecuting against Belloso and some of their other general foremen (Doc. 226, ¶ 13).

The Court conditionally certified the following class of Plaintiffs: "All Employees of [Defendants] who: (1) are or were employed as 'General Foreperson' in Regions 50, 52, and 55 during the preceding three (3) years; (2) were paid an 'hourly rate'; and (3) worked

more than forty hours in a work week without being paid proper overtime compensation ...." (Doc. 76 at 11). The case went to trial (Doc. 175), and the jury returned a verdict awarding the class members the following amounts:

| General Foreman | Amount |
| --- | --- |
| Milton Belloso | $27,132 |
| Bacilio Alcala, Jr. | $53,020 |
| James A. Cooke, II | $2,016 |
| Frank Corrales | $67,120 |
| Jose Cortez, Jr. | $34,125 |
| Ovidio Diaz | $47,233 |
| Jesus Hernandez | $15,423 |
| Alejandro Jasso Martinez | $55,287 |
| Trevor Jessup | $10,710 |
| Michael Lucas | $15,631 |
| Israel Martinez | $58,559 |
| Jose M. Martinez | $22,113 |
| Jesus Mendes-Pena | $28,203 |
| Michael Noble | $59,405 |
| Joshua Payne | $31,119 |
| Raul Perez, Jr. | $13,283 |
| Eliezer S. Rivera | $11,136 |
| Kendle Rock | $26,807 |
| Donovan Sias | $27,723 |

(Doc. 189, at 2-3).

Post-trial, the Court found that the class members were entitled to recover liquidated damages (Doc. 195). It then entered judgment for the class members for the amounts the jury had determined, plus equal amounts as liquidated damages, and prejudgment interest (Doc. 196). Next, Plaintiffs' counsel filed a motion for $12,945.26 in costs and $489,176.50 in attorney's fees (Docs. 198, 201).

The parties subsequently notified the Court that they have settled this case and the state court case (Docs. 215, 226). They now seek approval of their settlement agreement which provides for the payment by Defendants of $500,000 for wages, $500,000 for liquidated damages, and $500,000 for attorney's fees and costs (Doc. 226-1, at 2-3). The parties agree that the attorney's fees and costs to be paid to Plaintiffs' counsel were

negotiated separately from the class members' recovery (Doc. 226, at 9; Doc. 226-1, at 2-3).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA claims and defenses asserted here. See Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the

district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

"Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

When determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Before approving a settlement, the Court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve

the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the Court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

### III. Discussion

#### A. Settlement Sum

The parties represent that the only claims that are being compromised in their settlement are those of Milton A. Belloso, Bacilio Alcala, Jr., Jose Cortez, Ovidio Diaz, Alejandro J. Martinez, Israel Martinez, Raul Perez, Jr., and Eliezer Rivera (Doc. 226, ¶¶ 10-12). These are the general foremen Defendants are suing in state court for instituting the walkout. Their awards in this case have been compromised by 35% in return for the settlement of that case (Id., ¶ 14). So, under the settlement agreement, the class members will receive the following amounts:

| General Foreman | Wages | Liquidated Damages | Total |
| --- | --- | --- | --- |
| Milton A. Belloso | $17,534.40 | $17,534.40 | $35,068.80 |
| Bacilio Alcala, Jr. | $34,264.82 | $34,264.82 | $68,529.64 |
| James A. Cooke, II | $2,016 | $2,016 | $4,032 |
| Frank Corrales | $67,120 | $67,120 | $134,240 |
| Jose Cortez, Jr. | $22,053.69 | $22,053.69 | $44,107.38 |
| Ovidio Diaz | $30,524.90 | $30,524.90 | $61,049.80 |
| Jesus Hernandez | $15,423 | $15,423 | $30,846 |
| Alejandro J. Martinez | $35,729.89 | $35,729.89 | $71,459.78 |
| Trevor Jessup | $10,710 | $10,710 | $21,240 |
| Michael Lucas | $15,631 | $15,631 | $31,262 |
| Israel Martinez | $37,844.46 | $37,844.46 | $75,688.92 |
| Jose M. Martinez | $22,113 | $22,113 | $44,226 |
| Jesus Mendes-Pena | $28,203 | $28,203 | $56,406 |
| Michael Noble | $59,405 | $59,405 | $118,810 |
| Joshua Payne | $31,119 | $31,119 | $62,238 |
| Raul Perez, Jr. | $8,581.01 | $8,581.07 | $17,162.14 |
| Eliezer S. Rivera | $7,196.77 | $7,196.77 | $14,393,54 |

|  |  |  |  |
|---|---|---|---|
| Kendle Rock | $26,807 | $26,807 | $53,614 |
| Donovan Sias | $27,723 | $27,723 | $55,446 |

(Doc. 226-1, at 2).

The parties are represented by competent counsel, the case was tried to a jury, and I find no badges of fraud surrounding this settlement. Accordingly, I have accepted the parties' representation that this settlement "is a fair and reasonable resolution of a bona fide dispute over the FLSA." (Id., ¶ 17). I also find the agreed upon settlement amounts reasonable.

### B. Releases

In return for the $1.5 million to be paid by Defendants the class members are releasing Defendants from all causes of action, claims, demands, etc., that they may have under the FLSA, §§ 206 and 207 (Doc. 226-1, ¶ 4A). This limited release is both fiar and reasonable.

In addition, the parties to the state court lawsuit have agreed to a separate State Lawsuit Release Agreement pursuant to which they will sign a mutual general release (Doc. 226-1, at 3, 21-22). The State Lawsuit Release Agreement, which is attached to the motion, settles the claims Defendants are making in that court and the state court defendants' counterclaims, which include "claims for unpaid wages under Florida Statute § 448.102." (Id., at 19).

Courts within this District have questioned the propriety of general releases when evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the

> parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). Nevertheless, courts have approved general releases when separate consideration was given. See Middleton v. Sonic Brands L.L.C., Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); Bright v. Mental Health Res. Ctr., No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

Here, in return for a compromise of their recovery in this case, dismissal of their state court counterclaims, and a general release of Defendants, the defendants in the state court case are being discharged from their liability, if any, on the claims in that action (Doc. 226-1, at 21-22). Thus, there is separate, valuable consideration for the general release given by the state court defendants. See Bright, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *5 (defendant's "willingness to forego its claims against [the FLSA claimant] provides the additional justification needed to support the inclusion of a general release in that settlement agreement."). Under the unique circumstances presented I find the general release both fair and reasonable.

### C. Attorney's Fees and Costs

The parties represent that the $500,000.00 for attorney's fees and costs to be paid to the attorneys for the class was negotiated separately from their recovery (Doc. 226, at

9; Doc. 226-1, at 2-3). This is sufficient to establish the reasonableness of the fee and that the class members' recovery was not adversely affected by the amount of fees paid to their counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

## IV. Recommendation

Based on the foregoing, I respectfully recommend that the district judge **GRANT** the motion, approve the parties' settlement, terminate any pending motions, and direct the Clerk to close the file.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on March 3, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record